**SOUTHERN PACIFIC COMPANY, a corporation of the State of Delaware, Plaintiff,**

v.

**UNITED STATES of America, Defendant (two cases).**
**Civ. A. Nos. 1611, 1621.**

United States District Court
D. Delaware.

July 22, 1965.

See also 243 F.Supp. 834.

8.   255 U.S. 349, 41 S.Ct. 332, 65 L.Ed. 671.

John P. Sinclair, of Berl, Potter & Anderson, Wilmington, Del., and Robert P. Shaughnessy of Nixon, Mudge, Rose, Guthrie & Alexander, New York City, for plaintiff.

Alexander Greenfeld, U. S. Atty., and William J. Wier, Jr., Asst. U. S. Atty., Wilmington, Del., for defendant.

CALEB M. WRIGHT, Chief Judge.

The plaintiff seeks recovery of freight charges from the United States.

The controversy has been submitted to this court on an agreed stipulation of the facts. Briefly, they are as follows: The United States Navy purchased goods from Base Materials, Inc., to be shipped from San Lorenzo, California to a naval base in Rhode Island. The goods were purchased on March 25, 1952, and the contract price included freight charges to Rhode Island which were to be paid by the consignor.

Shipment was made by the consignor on a Uniform Domestic Straight Bill of Lading and receipted for by the plaintiff, carrier, Southern Pacific Company, with the notation "to be prepaid." The Freight Bill for Prepaid Charges was issued by the initial carrier who is the plaintiff, and the Check-out Slip was marked "prepaid" by the destination carrier.

The defendant, consignee, accepted the shipment of the goods and subsequently, without knowledge that the freight charges had not been prepaid, paid Base Materials, Inc., the full contract price which included shipping charges. The consignor was insolvent. The plaintiff, carrier, unable to collect the shipping costs from the consignor now sues the consignee, United States.

A motion for summary judgment was filed by the plaintiff and was heard by the late Judge Rodney. The motion was denied. In denying the plaintiff's motion for summary judgment, 243 F.Supp. 834, Judge Rodney adopted the view set forth in United States v. Mason & Dixon Lines, 222 F.2d 646 (6 Cir. 1955) and United States v. Western Pac. R.R. Co., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956). He held that when the United States is the consignee, it may raise the defense of estoppel against the carrier. He suggested that if the parties wanted to adduce additional facts relevant to the question of whether estoppel could be established in the case at bar, they might so do. The stipulation of facts herein represents the acceptance of that invitation.

The court finds nothing in the facts stipulated to warrant withholding application of the doctrine of estoppel. Shipping documents are the basis of established commercial transactions and are relied upon by all parties as a correct statement of the realities of the situation. The consignee acted upon the representation of the carrier. The plaintiff accepted the bill of lading stamped "to be prepaid" and delivered to the consignee a "Freight Bill for Prepaid Charges",[1] thus leading the destination carrier to deliver to the consignee the Check-out Slip marked "prepaid."[2] This chain of events instituted by the plaintiff led the consignee to accept the goods and pay the consignor on the mistaken assumption that the freight charges had been

---

1. Plaintiff has made an issue of the unreceipted status of the freight bill. However, plaintiff's counsel has conceded that not all carriers require receipt of the freight bill upon payment of shipping costs, nor is there any established custom in trade. Therefore, the controlling fact is the issuance of the "Freight Bill for Prepaid Charges." See N.T. pp. 13, 70-3.

2. The accounting rules of the Association of American Railroads do not merit discussion on the facts of this case. The rules regulate intracarrier conduct and have no bearing on relations between carrier and consignee. Since the initial carrier was negligent, it is estopped as a matter of law.

paid by the consignor in accordance with his contractual obligations.

The United States, by reason of the conduct of the plaintiff, paid the freight charges to the consignor. To hold the government liable to the plaintiff would compel it to pay twice simply to prevent the culpable plaintiff from suffering a loss.

This court sees no reason to depart from the law of the case established by Judge Rodney. Under the stipulated facts, the conduct of the carrier warrants the invocation of the doctrine of estoppel.

Submit order.